# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JAMES HARRELL, | 1:11-cv-00204 AWI GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| CHARLES DANIELS, Warden, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On April 27, 1998, Petitioner was sentenced in the United States District Court for the Eastern District of North Carolina to a term of 106 months of incarceration, for violations of 18 U.S.C. § 2114 and 18 U.S.C. § 924(c)(1). (See Pet'r's Petition, Ex. A.)  He is currently in custody of the Bureau of Prisons ("BOP") serving his federal sentence.  Petitioner has a projected release date, via good conduct time release, of January 11, 2013. (See Resp't's Answer, Ex. 2, Public Inmate Information Data.)

Petitioner filed the instant federal petition for writ of habeas corpus on June 24, 2010. He contends his federal sentence is void because the U.S. Marshals Service failed to perform its duty, and relinquished all rights, by returning Petitioner to the custody of the State of North

1

Carolina after federal sentencing. He seeks immediate release and compensation for damages.

Respondent filed an answer to the petition on May 19, 2011. Petitioner filed a traverse on July 11, 2011.

**FACTUAL BACKGROUND**[1]

Petitioner was initially arrested by state authorities in Pitt County, Greenville, North Carolina, on July 25, 1997, on charges of robbery and attempted armed robbery. He was under the exclusive jurisdiction of the State of North Carolina.

On October 10, 1997, the United States District Court for the Eastern District of North Carolina issued a Writ of Habeas Corpus ad Prosequendum for production of Petitioner's person before the district court to answer to charges contained in an indictment in Case No. 4:97CV00023-001. The U.S. Marshals Service removed Petitioner from the Pitt County Jail pursuant to the writ on October 22, 1997. After appearance in the district court, Petitioner was returned to Pitt County Jail on the same date.

On December 8, 1997, a second Writ of Habeas Corpus ad Prosequendum was issued by the district court for production of Petitioner's person before the district court for arraignment on December 15, 1997, on his pending federal charges. On December 9, 1997, the U.S. Marshals Service removed Petitioner from the Wilson County Jail pursuant to the writ. On December 16, 1997, he was returned to state custody at the Wilson County Jail.

On Federal 11, 1998, a third Writ of Habeas Corpus ad Prosequendum was issued by the district court for production of Petitioner's person for a psychological evaluation ordered by the district court. On April 27, 1998, Petitioner pleaded guilty to his federal charges and was sentenced to a total term of 106 months in federal prison. On May 8, 1998, Petitioner was returned to state custody at the Wilson County Jail in satisfaction of the federal writ.

On August 6, 1998, Petitioner was sentenced by the state court in Pitt County, North Carolina to a minimum term of 61 months and a maximum term of 83 months. He was given credit for 376 days of incarceration. He then began serving his state sentence.

---

[1] This information is derived from the attachments to Respondent's Answer.

On March 29, 2001, the United States Marshals Service lodged a detainer against Petitioner with the North Carolina Department of Corrections.

On January 29, 2005, Petitioner was paroled from his state sentence and released to the U.S. Marshals Service pursuant to the detainer.  He was placed in the primary and exclusive custody of the federal government, and his federal sentence was calculated to begin on that date.

Utilizing the BOP's Administrative Remedy Program, Petitioner requested credit against his federal sentence for the time spent serving his state sentence.  Pursuant to BOP Program Statement 5160.05, <u>Designation of State Institution for Service of Federal Sentence</u>, the BOP construed Petitioner's request as a request for a *nunc pro tunc* designation.  The BOP contacted District Judge James C. Fox, who had sentenced Petitioner in the federal case, to obtain the court's position on a retroactive designation.  Judge Fox responded and indicated his opposition to a concurrent sentence designation.  The BOP considered the court's position and the factors set forth in 18 U.S.C. § 3621(b) and concluded a *nunc pro tunc* designation was not appropriate.  Based on the federal prison term commencement date of January 29, 2005, which was the date Petitioner came under exclusive federal custody, the BOP prepared a sentence computation based on the 106 month aggregate term.

**DISCUSSION**

I.   <u>Subject Matter Jurisdiction and Venue</u>

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  <u>See</u> 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  In this case, Petitioner challenges the execution of his sentence. Therefore, the Court has subject matter to hear Petitioner's claims pursuant to 28 U.S.C. § 2241.

Pursuant to § 2241, venue is proper in the district court where a petitioner is confined.  In this case, Petitioner filed his petition in the United States District Court for the Eastern District of North Carolina.  At the time of filing, Petitioner was incarcerated at the United States Penitentiary in Florence, Colorado.  The district court in North Carolina determined venue was

3

improper in North Carolina, because it did not have jurisdiction over the person of Petitioner or his custodian; therefore, it transferred the case. Because Petitioner had been transferred to the United States Penitentiary in Atwater, California, when the district court addressed venue, the matter was transferred to the Eastern District of California and received in this Court. At that time, venue was proper in this Court. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir.2000). Since then, Petitioner has been transferred again, this time to the United States Penitentiary in Lompoc, California, which is in the Central District of California. Nevertheless, Respondent does not oppose allowing this matter to remain in this Court.

II.     Exhaustion of Administrative Remedies

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984). It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982). In Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir.1983) (*per curiam*), the Ninth Circuit explained why a petitioner must first exhaust his administrative remedies before filing for habeas relief: "The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." See also Chua Han Mow, 730 F.2d at 1313.

However, the exhaustion requirement was judicially created; it is not a statutory requirement. Chua Han Mow, 730 F.2d at 1313; Montgomery v. Rumsfeld, 572 F.2d 250, 252 (9th Cir.1978). Because exhaustion is not required by statute, it is not jurisdictional. Morrison - Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir.1987), *cert. dismissed*, 488 U.S. 935 (1988); Montgomery, 572 F.2d at 252. "Where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and

4

reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Brown, 895 F.2d at 535.

The Bureau of Prisons has established an administrative remedy procedure governing prisoner complaints. The procedure is set forth at 28 C.F.R. § 542.10 *et seq*. First, an inmate must attempt to resolve the issue informally by presenting it to staff before submitting a Request for Administrative Remedy. 28 C.F.R. § 542.13 (2002). If dissatisfied with the response, the prisoner may proceed with the formal filing of an Administrative Remedy Request. 28 C.F.R. § 542.14 (2002). Upon denial by the institution, the prisoner may appeal the decision by filing a complaint with the Regional Director of the Bureau of Prisons. 28 C.F.R. § 542.15 (2002). The Regional Director's decision may be appealed to the General Counsel in Washington, D.C. Id. Appeal to the General Counsel is the final step in the administrative remedy process. Id.

Respondent contends that the issue raised in the instant petition was not exhausted administratively. Respondent states that Petitioner did in fact seek administrative remedies with respect to his complaint that the sentence imposed on him by the State of North Carolina was intended to run concurrently with that imposed on him by the United States District Court for the Eastern District of North Carolina, and because of that, the state prison should be designated *nunc pro tunc* as the place where he began his federal sentence. Respondent correctly states that Petitioner did not seek administrative remedies with respect to the claim raised in the instant petition, namely that his federal sentence is void because the U.S. Marshals Service failed to perform its duty, and relinquished all rights, by returning Petitioner to the custody of the State of North Carolina after federal sentencing. Because Petitioner has failed to seek relief for the instant claim through the administrative remedy procedure, his claim is unexhausted and the petition must be dismissed. Nevertheless, the Court will address the claim as it is plainly meritless.

III.   Review of Petition

Petitioner argues the federal sentence is void because the U.S. Marshals Service relinquished all rights, and federal jurisdiction was forfeited, when Petitioner was returned to state custody following his sentencing in federal court. Petitioner's arguments are not well-

5

taken.

As noted by Respondent, Petitioner was in the primary custody of the State of North Carolina when he was sentenced by the United States District Court. Petitioner's presence before the district court was effectuated via Writ of Habeas Corpus ad Prosequendum. Petitioner was essentially borrowed from the primary custodian and then properly returned. See Carbo v. United States, 364 U.S. 611 (1961). Respondent correctly states that principles of comity required Petitioner's return to state custody following sentencing. Petitioner's federal sentence did not commence until the state relinquished custody when he was paroled to federal authorities via the federal detainer on January 29, 2005. Given the United States did not have primary custody over Petitioner, the U.S. Marshals Service could not forfeit federal jurisdiction over Petitioner when he was returned to state custody.

To the extent Petitioner might present the claims he exhausted in state court, namely that North Carolina State Prison should retroactively be designated the place where Petitioner began his federal sentence, Petitioner's claim is without merit. In his administrative appeals, Petitioner argued the United States District Court for the Eastern District of North Carolina should have ordered his federal sentence to run concurrent to the state sentence he was currently serving, because the North Carolina Superior Court had previously ordered the state sentence to run concurrent to the federal sentence. Respondent correctly notes that 18 U.S.C. § 3584(a) grants federal district courts discretion to sentence a defendant serving an undischarged term of imprisonment to a term concurrent to the undischarged term. However, "concurrent sentences imposed by state judges are nothing more than recommendations to federal officials." Taylor v. Sawyer, 284 F.3d 1143, 1150 (9th Cir.2002). A federal court is free to ignore such recommendations of state sentencing judges. In addition, while a prisoner may request a *nunc pro tunc* designation of a state facility for commencement of a federal sentence, the Bureau of Prisons is under no obligation to grant the request. Barden v. Keohane, 921 F.2d 476 (3rd Cir.1990). It is entirely within the Bureau of Prisons' discretion to grant or deny a request for *nunc pro tunc* designation. Reynolds v. Thomas, 603 F.3d 1144, 1150 (9th Cir.2010). As previously noted, in this case the Bureau of Prisons considered Petitioner's request for *nunc pro*

*tunc* designation. The BOP contacted District Judge James Fox for the court's position. Judge Fox notified the BOP of the court's objection to such designation. The BOP then determined that a *nunc pro tunc* designation was inappropriate.

For the above reasons, habeas relief is unavailable. In addition, monetary damages are not appropriate in a habeas action. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973).

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition be DENIED WITH PREJUDICE.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 27, 2011**          /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE